IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NINA TIPTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.  19-1473 |
| v. ) | |
| ) | Judge Cathy Bissoon |
| GREYCOURT & CO., INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

Defendant's Rule 12(b)(6) Motion to Dismiss (Doc. 14) will be granted, and the Amended Complaint (Doc. 9) will be dismissed with prejudice.

For her claims to be timely, Plaintiff had to file a lawsuit within ninety (90) days of receipt of a Right to Sue letter from the EEOC.  42 U.S.C. § 2000e-5(f)(1).  She did not file either of her lawsuits in time to meet that deadline.  The EEOC issued the first Right to Sue letter on August 6, 2019.  Assuming receipt three days after the EEOC mailed the letter, *i.e.*, August 9, 2019, the 90-day deadline expired on November 7, 2019.  But Plaintiff did not file her first lawsuit until November 12, 2019.  The EEOC issued the second Right to Sue letter on August 27, 2020.  Once again, assuming receipt three days after the EEOC mailed it, *i.e.*, August 30, 2020, the 90-day deadline expired on November 30, 2020.[1]  Plaintiff's second lawsuit also was

---

[1] Because the 90-day period ended on November 28, 2020, which is a Saturday, the cut-off date is Monday, November 30, 2020.  *See* Fed. R. Civ. P. 6(a)(1)(C) (noting that in such a situation the period of timeliness to file "continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.")

untimely because she filed it on December 1, 2020.[2]  Because this procedural infirmity cannot be cured by amendment, the Amended Complaint (Doc. 9) will be dismissed with prejudice.[3]

Consistent with the foregoing, the Court hereby enters the following:

## II.  ORDER

Defendant's Motion to Dismiss (**Doc. 14**) is **GRANTED**, and the Amended Complaint (**Doc. 9**) is **DISMISSED WITH PREJUDICE**.  Further, Defendant's Motion to Quash Plaintiff's Proof of Service (**Doc. 21**) is **DENIED AS MOOT**.  This case shall be marked **CLOSED**.

**IT IS SO ORDERED**.

September 14, 2022                                        s/Cathy Bissoon
                                                                        Cathy Bissoon
                                                                        United States District Judge

cc (via ECF email notification):
All counsel of record
Plaintiff's email of record

---

[2] Nor has Plaintiff satisfied the requirements to equitably toll the limitations period.  *See* Cunningham v. M & T Bank Corp., 814 F.3d 156, 160 (3d Cir. 2016) ("[E]quitable tolling can rescue a claim otherwise barred as untimely by a statute of limitations when a plaintiff has been prevented from filing in a timely manner due to sufficiently inequitable circumstances.").

[3] Defendant also seeks dismissal under Rules 12(b)(5) & 4(m) based on Plaintiff's failure to "perfect" service of the original complaints.  But, having determined that this lawsuit should be dismissed on untimeliness grounds, the Court need not, and does not, reach those arguments.  *See* In re Asbestos Prods. Litig. Liab. Litig. (No. VI), 921 F.3d 98, 106 (3d Cir. 2019) ("Behavior that is consistent with waiver, and which indicates an intent to litigate the case on the merits, is sufficient to constitute waiver, regardless of whether the parties also express an intent to preserve [a] defense.").  And for that reason, Defendant's subsequently filed Motion to Quash Plaintiff's Proof of Service (Doc. 21) also will be denied as moot.